JUDGE CROTTY

08 CV 03166

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Global Energy, Mining and Minerals Kft., | ) |
| Plaintiff, | ) |
| -against- | ) COMPLAINT |
| András Patkó, AP International Finance Corporation and APIFC Development Corporation, | ) |
| Defendants. | ) Trial By Jury Demanded |



RECEIVED MAR 28 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Global Energy, Mining and Minerals Kft. ("GEMM" or "Plaintiff"), by its attorneys, AKIN GUMP STRAUSS HAUER & FELD LLP, as and for its complaint against Defendants András Patkó ("Patkó"), AP International Finance Corporation ("APIFC"), and APIFC Development Corporation ("APIFC DC"), alleges as follows:

### SUMMARY OF THE CASE

1. This is an action for rescission, restitution, conversion and damages. It arises from Defendants' breaches of a Cooperation Agreement dated November 18, 2005 (the "Cooperation Agreement") and a Share Sale Agreement dated May 24, 2006 (the "Share Sale Agreement"), and from Defendants' refusal to repay amounts which GEMM advanced to them pursuant to those agreements. As a result of Defendants' wrongful acts and omissions as described herein, Defendants have been unjustly enriched at GEMM's expense and GEMM has been damaged.

## PARTIES

2. Plaintiff GEMM is a corporation incorporated in Hungary and maintains its principal place of business in Hungary. GEMM was formerly known as Eural Trans Gas Kft.

3. Upon information and belief, Defendant Patkó is, and at all relevant times described herein has been, a resident of the State, County and City of New York.

4. Upon information and belief, Defendant APIFC is a corporation organized under the laws of the State of Delaware and having its principal place of business in the State, County and City of New York.

5. Upon information and belief, Defendant APIFC DC is a corporation organized under the laws of the State of New York and having its principal place of business in the State, County and City of New York. APIFC DC was formerly known as AP Development Corporation.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that Plaintiff is a citizen of a foreign state and Defendants are citizens of New York and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) and (2) because one or more of the Defendants resides in this judicial district and because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS UNDERLYING EACH OF PLAINTIFF'S CLAIMS FOR RELIEF

8. In late 2005 and early 2006 GEMM signed two agreements with Defendants concerning the joint development of power generation projects in the former Soviet Union.

9. The first such agreement was the Cooperation Agreement, among GEMM, APIFC and Patkó, dated November 18, 2005 and governed by New York law. Pursuant to the Cooperation Agreement, AP Development Corporation, a corporation wholly owned by Patkó, was to be renamed "APIFC Development Corporation" (APIFC DC), and Patkó was to transfer 51% of APIFC DC's shares to GEMM (the "Shares") in exchange for consideration of $200,000 (the "Share Consideration").

10. In addition, under the Cooperation Agreement GEMM was to provide a loan to APIFC DC to finance the expenses of the contemplated power generation projects.

11. Consistent with the provisions of the Cooperation Agreement, GEMM transferred the Share Consideration to Patkó. In addition, GEMM extended a shareholder loan of $75,000 (the "Shareholder Loan") to APIFC DC, which it transferred to APIFC DC by bank wire in care of APIFC.

12. On May 24, 2006, GEMM and Patkó entered into the Share Sale Agreement. In the Share Sale Agreement Patkó acknowledged his receipt of the Share Consideration as payment for the Shares and agreed to transfer the Shares to GEMM immediately. The Share Sale Agreement is governed by New York law.

13. The Share Sale Agreement explicitly required Patkó to register the Shares in GEMM's name in APIFC's share registry without delay and strictly conditioned the sale of the Shares on Patkó's prompt provision to GEMM of proof that this registration had

been accomplished. In particular, Section 12 of the Share Sale Agreement required Patkó to register GEMM as owner of the Shares in APIFC DC's registry and to demonstrate credibly such registration to GEMM no later than May 30, 2006. The parties agreed that Patkó's failure to timely satisfy this condition would give GEMM the right to terminate the agreement unilaterally. Section 12 provides that, upon GEMM's termination in these circumstances, the parties shall be restored to their prior positions.

14. Contrary to his commitments in the Share Sale Agreement, and despite demands, Patkó did not provide GEMM with evidence that it had been registered as owner of the Shares in the share registry of APIFC DC, either prior to May 30, 2006 or at any other time. After notifying Patkó that he had not complied with the provisions of the Share Sale Agreement, GEMM exercised its right to terminate that agreement by letter of June 12, 2006.

15. Consistent with the provisions of the Share Sale Agreement and Cooperation Agreement, GEMM has demanded that Defendants promptly return the Share Consideration and the Shareholder Loan funds to GEMM, but they have refused to do so.

### FIRST CLAIM FOR RELIEF
Breach of Contract
Against Patkó

16. GEMM repeats and realleges each and every allegation set forth in paragraphs 1 through 15 above as if set forth in full herein.

17. GEMM and Patkó agreed in the Share Sale Agreement that Patkó would provide credible proof of GEMM's registration as shareholder in the APIFC DC registry no later than May 30, 2006, and that failing timely fulfillment of this obligation, GEMM

could terminate the Share Sale Agreement, and the parties would be returned to their prior positions.

18. GEMM fully performed its obligations under the Share Sale Agreement by transferring the Share Consideration.

19. Patkó did not provide credible proof of GEMM's registration as shareholder in the APIFC DC registry before May 30, 2006, or at any time thereafter. Therefore, GEMM terminated the Share Sale Agreement according to its terms and invoked the contractually agreed remedy that the parties be restored to their prior positions.

20. Nevertheless, Patkó has refused to return the Share Consideration.

21. Patkó's failure to provide timely evidence of GEMM's registration as shareholder in the APIFC DC company registry, and its subsequent failure to repay the Share Consideration, constitute breaches of Section 12 of the Share Transfer Agreement.

22. Patkó's breaches of the Share Sale Agreement are material – and pursuant to the express terms of the agreement GEMM is entitled to rescission of the agreement and the return of the Share Consideration, returning the parties to their prior positions.

23. As a result of Patkó's breaches of the Share Sale Agreement, GEMM has suffered damages in an amount which will be proved at the time of trial.

**SECOND CLAIM FOR RELIEF**
Action for Money Loaned
Against APIFC and APIFC DC

24. GEMM repeats and realleges each and every allegation set forth in paragraphs 1 through 23 above as if set forth in full herein.

25. In the Cooperation Agreement, GEMM, APIFC and Patkó agreed that GEMM would extend a shareholder loan to APIFC DC.

26. GEMM did in fact extend a Shareholder Loan to APIFC DC, in the amount of $75,000, and transferred this money to APIFC DC in care of APIFC.

27. Upon information and belief, APIFC transferred all or part of said money to APIFC DC, and APIFC DC knowingly received it.

28. All of the parties, including APIFC and APIFC DC, understood that the Shareholder Loan was a loan and that APIFC and APIFC DC were obligated to repay it.

29. The Shareholder Loan is due and payable, and GEMM has demanded and demands that APIFC and APIFC DC repay the Shareholder Loan promptly.

30. Neither APIFC nor APIFC DC has repaid any part of the Shareholder Loan.

31. APIFC and APIFC DC are indebted to GEMM in the total amount of $75,000 plus interest.

32. As a direct result of APIFC's and APIFC DC's failure to repay the Shareholder Loan, GEMM has suffered damages in an amount which will be proved at the time of trial.

### THIRD CLAIM FOR RELIEF
### Money Had and Received
### Against APIFC and APIFC DC

33. GEMM repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above as if set forth in full herein.

34. APIFC knowingly received $75,000 belonging to GEMM.

35. Upon information and belief, APIFC transferred all or part of said money to APIFC DC, and APIFC DC knowingly received that money with the understanding that it belonged to GEMM.

36. APIFC and APIFC DC benefited from the receipt of the aforesaid money, and such benefit remains with those Defendants.

37. No part of the aforesaid $75,000 has been repaid to GEMM.

38. APIFC and APIFC DC owe GEMM $75,000, plus interest, for money had and received.

39. Under the principles of equity, APIFC and APIFC DC should not be permitted to retain the aforesaid money and the proceeds thereof.

40. Equity requires that the defendants APIFC and APIFC DC pay damages and restitution to plaintiffs in the sum of $75,000 plus interest.

### FOURTH CLAIM FOR RELIEF
Unjust Enrichment
Against Patkó

41. GEMM repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above as if set forth in full herein.

42. GEMM transferred the Share Consideration to Patkó with the reasonable expectation that GEMM would become a shareholder of APIFC DC.

43. Patkó was aware that GEMM was transferring the Share Consideration based on its expectation that it would become a shareholder in APIFC DC.

44. Having terminated the Share Sale Agreement according to the provisions thereof, GEMM is not and will not become, a shareholder in APIFC DC, and will not benefit from its payment to Patkó of the Share Consideration.

45. Patkó has no valid legal or equitable claim to the Share Consideration or the financial benefit he has derived from it, has been unjustly enriched by his conduct, and will be unjustly enriched if he is allowed to retain the Share Consideration. It would be inequitable for Patkó to retain those benefits.

46. Accordingly, GEMM is entitled to an award equal to the amount of Patkó's unjust enrichment so as to divest the inequitable benefit from him and return it to GEMM, its rightful owner.

**FIFTH CLAIM FOR RELIEF**
Unjust Enrichment
Against APIFC and APIFC DC

47. GEMM repeats and realleges each and every allegation set forth in paragraphs 1 through 46 above as if set forth in full herein.

48. GEMM transferred the Shareholder Loan to APIFC for the use of APIFC, with the reasonable expectation that GEMM would become a shareholder of APIFC DC and that, as shareholder of APIFC DC, GEMM would benefit from its extension of credit to APIFC DC.

49. APIFC and APIFC DC were aware that GEMM was transferring the Shareholder Loan based on its expectation that it would become a shareholder in APIFC DC.

50. Having terminated the Share Sale Agreement according to the provisions thereof, GEMM is not and will not become, a shareholder in APIFC DC, and will not benefit from its provision to APIFC DC of the Shareholder Loan.

51. APIFC and APIFC DC have no valid legal or equitable claim to the Shareholder Loan or the financial benefit they have derived from it, have been unjustly enriched by their conduct, and will be unjustly enriched if they are allowed to retain the proceeds of the Shareholder Loan. It would be inequitable for APIFC and APIFC DC to retain those benefits.

52. Accordingly, GEMM is entitled to an award equal to the amount of APIFC's and APIFC DC's unjust enrichment so as to divest the inequitable benefit from them and return it to GEMM, its rightful owner.

### SIXTH CLAIM FOR RELIEF
Conversion
Against Patkó

53. GEMM repeats and realleges each and every allegation set forth in paragraphs 1 through 52 above as if set forth in full herein.

54. Under the Cooperation Agreement and Share Sale Agreement, Patkó's right to the Share Consideration was in exchange for GEMM's purchase of the Shares and Patkó's provision of evidence that GEMM was registered as the rightful owner.

55. When GEMM revoked the Share Sale Agreement as a result of Patkó's failure to register the shares as promised, Patkó lost all claim to possession of the Share Consideration and had a duty to return those funds to GEMM, their rightful owner.

56. GEMM has demanded that Patkó return the Share Consideration.

57. Patkó has refused to return the Share Consideration to GEMM and has willfully and intentionally interfered with GEMM's possession by refusing to return the Share Consideration and by unlawfully acting as its owner, despite being aware that the funds belong to GEMM. Patkó's retention of the Share Consideration for his own use and enjoyment has deprived GEMM of its right to possess and use those funds.

58. As a direct result of Patkó's actions, GEMM has suffered damages in an amount which will be proved at the time of trial.

## SEVENTH CLAIM FOR RELIEF
Conversion
Against All Defendants

59. GEMM repeats and realleges each and every allegation set forth in paragraphs 1 through 58 above as if set forth in full herein.

60. GEMM transferred the Shareholder Loan funds to APIFC DC through APIFC for the purpose of funding energy investment projects to be undertaken by GEMM and Patkó through APIFC DC. All of the Defendants understood that the provision of the Shareholder Loan was contingent upon GEMM's participation in such projects as shareholder of APIFC DC.

61. When GEMM revoked the Shareholder Agreement as a result of Defendant's failure to comply with its terms, each of the Defendants lost any claim to possession of the Shareholder Loan funds he or it may have had, and each of them had a duty to return those funds to GEMM, their rightful owner.

62. GEMM has demanded that the Defendants return the Shareholder Loan funds.

63. The Defendants have refused to return the Shareholder Loan funds to GEMM and have willfully and intentionally interfered with GEMM's possession by refusing to return those funds and by unlawfully acting as their owner, despite being aware that the funds belong to GEMM. Upon information and belief, APIFC DC continues directly to possess the Shareholder Loan funds, while Patkó and APIFC possess and control them through their ownership and control of APIFC DC.

64. The Defendants' retention of the Shareholder Loan funds for their own use and enjoyment has deprived GEMM of its right to possess and use those funds.

65. As a direct result of Defendants' actions, GEMM has suffered damages in an amount which will be proved at the time of trial.

**WHEREFORE**, Plaintiff demands Judgment as follows:

A.  On the First Claim for Relief, rescission of the Share Sale Agreement and restitution of the Share Consideration, or alternatively, for compensatory damages against Patkó arising from his breaches of the Share Sale Agreement, in an amount to be determined at trial;

B.  On the Second Claim for Relief, damages against APIFC and APIFC DC arising from their failure to repay the Shareholder Loan, in an amount to be determined at trial;

C.  On the Third Claim for Relief, damages against APIFC and APIFC DC arising from their failure to return or repay the money had and received, in an amount to be determined at trial;

D.  On the Fourth Claim for Relief, restitution of the unjust enrichment received by Patkó;

E.  On the Fifth Claim for Relief, restitution of the unjust enrichment received by APIFC and APIFC DC;

F.  On the Sixth Claim for Relief, compensatory and punitive damages for Patkó's gross, willful and wanton conversion of the Share Consideration, in an amount to be determined at trial;

G.  On the Seventh Claim for Relief, compensatory and punitive damages for Defendants' gross, willful and wanton conversion of the Shareholder Loan, in an amount to be determined at trial;

H.  On all Claims for Relief, pre- and post-judgment interest as allowed by law;

I. For such other and further relief as the Court deems just and proper.

Dated: Washington, DC
March 27, 2008

By: _____

John L. Van Sickle (JV 6487)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 887-4000
Fax: (202) 887-4288