**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
─────── Attorneys at Law

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 21 2008

JOHN L. VAN SICKLE
202.887.4148/fax: 202.887.4288
jvansickle@akingump.com

July 17, 2008

**MEMO ENDORSED**

VIA E-MAIL

Hon. Paul A. Crotty
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 735
New York, NY 10007

    Re:   <u>Global Energy, Mining and Minerals Kft. v. Patkó et al., 08 CV 03166</u>

Dear Judge Crotty:

    We are counsel to Plaintiff Global Energy, Mining and Minerals Kft. in the above-captioned action. We received a message from your clerk Marlon Ovalles inquiring whether the case should be dismissed. Please be advised that the Plaintiff has served defendants AP International Finance Corporation and APIFC Development Corporation and returned notice of service on those defendants on April 18, 2008. These defendants have not answered or otherwise participated in the case, and Plaintiff is filing an affidavit of default against them today. Plaintiff has attempted to serve defendant András Patkó, who is a U.S. resident at his last known addresses in New York and in California without success. It now appears that Mr. Patkó may be located in Hungary and should be served under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, and we have begun that process. We have been in contact with an attorney who has represented Mr. Patkó in other matters and have sent Mr. Patkó the complaint to his address in Hungary so he is aware of this lawsuit.

    Rule 4(m) gives plaintiffs 120 days to serve domestic defendants, and provides that plaintiffs can apply for more time after a showing of "good cause." Fed. R. Civ. P. 4(m). The provision does not apply to service upon defendants located in a foreign country. *See id.* For service upon a defendant located in a foreign country, there is no specified time limit. *See id; M&L of Delaware v. Wallace*, 2004 WL 2370708 *4 (D. Del. 2004) (Rule 4(m) "does not contain a time limit for serving foreign defendants"); *In re Southold Development Corp*, 148 B.R. 726 (E.D.N.Y. 1992) (exemption from 120-day time limit applies in cases of service in a foreign country). Since none of the defendants have appeared in this case, and Mr. Patkó is aware of it and has been avoiding service, there is no prejudice to him in extending the time to serve him with the complaint.

AKIN GUMP
STRAUSS HAUER & FELD LLP
Attorneys at Law

Hon. Paul A. Crotty
July 17, 2008
Page 2

      Service in Hungary will require resort to the lengthy and cumbersome process envisioned by the Hague Convention, and Plaintiff believes that an additional 120 days will be required in order to obtain proof of service using this method. Accordingly, Plaintiff requests that the Court take no action in this matter vis a vis Mr. Patkó in the next 120 days, and we will keep the Court appraised of our progress in locating and serving Mr. Patkó.

Sincerely,

John L. Van Sickle

C.C.: Marlon Ovalles
Coleen Coyle, Esq.

SO ORDERED: JUL 21 2008

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE